## W. A. Clark v. The State.

### No. 2671. Decided June 8, 1904.

**City Ordinance—Repeal—Conflict With State Law.**

Where the penalty in a city ordinance defining it to be a misdemeanor for any person who shall induce, etc., another to risk or change any money, etc., upon any game or gambling device or game of chance, etc., is in excess of the penalty for gambling as defined by the State law, it is invalid. Such ordinance was likewise repealed by a later one on the same subject.

Appeal from the County Court of El Paso. Tried below before Hon. Joseph W. Sweeney.

Appeal from a judgment final on forfeited bail bond.

The opinion states the case.

*M. W. Stanton,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This is an appeal from a judgment final on forfeited bail bond. A brief summary of the facts discloses that the city council of El Paso passed an ordinance punishing any person who should pursue, follow or engage in the "bunco business," and fixing a penalty of "not less than $101 and not more than $500." Section 2 of that ordinance undertakes to define the bunco business, as follows: "Any person who shall induce, entice, entrap or

persuade, or shall attempt to induce, entice, entrap or persuade any other person to accompany him to any bunco game or device, or who shall induce, entice, entrap and persuade such person to go to such bunco game or device, or who shall induce, entice, entrap or persuade such person to bet or in any manner wager, risk or change any money, property or obligation in writing upon any game or gambling device or game of chance whatsoever, shall be deemed guilty of pursuing the 'bunco business,' as meant in the preceding section, and upon conviction thereof shall be fined as provided in the preceding section of this ordinance." Section 3 of the ordinance provides a punishment for anyone who shall attempt to induce, entice, entrap or persuade any other person or persons to leave the city of El Paso for the purpose of engaging or inducing such person or persons to bet or in any manner wager or risk or chance any money or property upon any game, etc. This ordinance was approved on November 20, 1891. On September 29, 1894, the city council passed an ordinance to suppress gambling in the city of El Paso. This has ten sections, the last of which repeals all ordinances and parts of ordinances in conflict with it. Clark was arrested for violating the bunco ordinance, in September, 1903, or about nine years after the passage of the second ordinance in regard to gaming, in that he induced another to bet $450 at said game. Subsequent to his arrest he entered into bond for his appearance before the city court for trial. When the case was reached, he not appearing, forfeiture was taken. Many issues and questions are presented as reasons why the forfeiture was erroneously taken. The principal reasons may be grouped, as follows: First, the ordinance of 1894, repealed the ordinance of 1891; second, the ordinance was in conflict with the State laws upon the question of gambling, that it provides a higher and different penalty for gambling than does the State laws. We believe both propositions are correct. The punishment under the Penal Code and under the ordinance of 1894 passed by the city council of El Paso, provided a punishment of not less than $10 nor more than $25 for betting at banking games and devices. Under all the decisions in this State, so far as we are aware, this conflict between the ordinance of 1891 and the State law in regard to gambling would render the ordinance vicious. The punishment under the ordinance of 1891 in regard to "bunco business" is entirely different from that provided under the ordinance of 1894, one being not less than $101 and not more than $500, and under the second not less than $10 nor more than $25. This would render the ordinance of 1891 prohibiting "bunco business" invalid, for under its definition the party would be guilty as a principal by simply advising, encouraging or aiding the bettor at the game or device. All parties engaged in a gambling transaction, whether under the gaming laws or under the "bunco business" ordinance, would be guilty of violating the gaming laws of the State. If the "bunco busi-

ness" was carried on in such manner that it was a swindling operation, and for the purpose of getting the money of the bettor by means of loaded dice or other contrivances by which the bettor would not have the ordinary chances in gambling, he would be guilty of theft; in other words, if the "bunco business" was carried on in such manner as to swindle the bettor, then the bunco-steerer or advisor, as well as the exhibitor of the banking game or gambling device, would be guilty of theft, and could be punished by imprisonment in the penitentiary, if the amount of money obtained was $50 or more; or as a misdemeanor if less than $50. We deem it unnecessary to notice or discuss the other questions in the case. The views expressed render the ordinance invalid. Therefore the arrest and bond taken for the appearance of the principal would be void. The judgment is reversed and the cause remanded.

                                        *Reversed and remanded.*