### JOHN BENSON v. THE STATE.

No. 3189. Decided February 22, 1905.

**Sunday Law—Labor on Sunday.**

Where the evidence showed that defendant as steward for a club opened and conducted its business on Sunday and sold two bottles of beer, he was not guilty, under article 196, Penal Code, of doing labor on Sunday.

Appeal from the County Court of Johnson. Tried below before Hon. J. D. Goldsmith.

Appeal from a conviction of laboring on Sunday; penalty, a fine of $10.

The opinion states the case.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.—Sections 964–7, Bishop's New Crim. Law.

BROOKS, JUDGE.—Appellant was indicted under article 196, Penal Code, for laboring on Sunday. The character of labor charged to have been performed was, that appellant, as steward for the Board of Trade Club conducted the same, opened and conducted it for business on Sunday. The only labor performed by appellant, as shown by the facts, was the sale of one bottle of beer. Prosecutor saw appellant let Charley Mathis have a bottle of beer, and he also bought one bottle of beer from appellant on Sunday. We do not think these isolated acts would constitute "labor" within the contemplation of the statute. While appellant may be prosecuted for violating the local option law, or some other law, for making these sales on Sunday, yet we hold that the isolated two sales would not constitute labor within the contemplation of said statute. The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*