## EX PARTE J. C. AXSOM.

No. 550. Decided November 22, 1911.

**1.—Sunday Law—Pool Hall—Labor—Words and Phrases.**

The word "labor" has been given a broad meaning when construing the laws relative to the observance of Sunday, and the intention of the Legislature was to prohibit the running of a pool hall on the Sabbath; and one who managed or operated a pool room, etc., is within the definition of a laborer and is amenable to the law.

**2.—Same—Case Stated—Statutes Construed.**

Where the relator was charged with unlawfully and wilfully laboring and doing and performing the labor, work, and business of keeping a pool hall, he was guilty of violating the Sunday law under Article 196, Penal Code, prohibiting any person from laboring on Sunday. Davidson, Presiding Judge, dissenting.

Appeal from the County Court of Cameron. Tried below before the Hon. John Bartlett.

Appeal from habeas corpus proceedings denying release of relator, who was charged with violating the Sunday law, by keeping open a pool room.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane*, Assistant Attorney-General, for the State.

HARPER, JUDGE.—The relator in this case applied for and obtained a writ of habeas corpus before the county judge of Cameron County, asking release from arrest on a complaint charging him

with violating the Sunday law. The contention was made that it was not a violation of the law to operate a pool room on Sunday. The county judge held it was a violation of the law, and remanded the relator to the custody of the sheriff. The complaint charged: "On or about the 27th day of February, 1910, in the county of Cameron, and State of Texas, it being Sunday, one J. C. Axsom, of said county and State, was a trader in a lawful business, to wit: keeper of a pool room, did unlawfully and wilfully open and permit his place of business to be open for the purpose of traffic; and the said J. C. Axsom did unlawfully and wilfully labor and do and perform the labor, work and business of keeping a pool room, the same not then and there being a work of necessity or charity."

The relator himself testified: "My name is J. C. Axsom; I live in Brownsville, Texas; I keep a pool room in the city of Brownsville, Texas, on Elizabeth Street. I was so engaged on Sunday, the 27th day of February; I was at my place of business on said day managing and operating my pool room; I dusted off the pool and billiard tables and did such other work as I am accustomed to do. A number of people played pool and billiards at my said place of business, among them were Graham Mason, Jesse Mason and William Tate; I made a charge for the games played and collected from said above named parties the sum of thirty cents for two games of pool played. I personally opened my said place of business on Sunday, February 27, 1910, and kept the same open all day; I made no charge for admission to the pool room; the only charge I made was for the use of the cues and games played."

The evidence thus appears undisputed that relator opened and run his pool table on the Sabbath, and the sole question to be decided is, do the statutes of this State prohibit the running of a pool room on Sunday? Article 196 of the Penal Code provides: "Any person who shall labor on Sunday shall be fined not less than ten nor more than fifty dollars," and article 197 exempts from the provisions of the preceding articles ferrymen, keepers of toll bridges, keepers of hotels, boarding-houses, restaurants, and keepers of livery stables, etc., evidently showing that the Legislature intended that the word "labor" should be given its broadest signification, and this court, in the case of Ex parte Kennedy, 42 Texas Crim. Rep., 148, holds that "the ordinary vocation of a barber comes within the statute prohibiting all persons from laboring on Sunday." In Quarles v. The State, 14 L. R. A., 192, it is held that selling theatre tickets was labor within the meaning of a similar statute. It was held in Cortez v. Territory, 30 Pac. Rep., 947, that a person selling intoxicating liquors on Sunday was engaged in "labor" within the meaning of the Sunday Act. In State v. Frederick, 45 Ark., 347, it was held that a barber within the meaning of the Sunday law was a laborer, and in 31 Ark., 578, a livery stable keeper is held to be a laborer. In Cincinnati v. Rite, 15 Ohio, 225, the prohibition of

common labor was held to embrace the selling and buying of any goods, wares and merchandise under their statute. The word "labor" has been given a broad meaning when construing the laws relative to the observance of Sunday, and when we read the statute of this State relative to what is prohibited in specific language, and what excepted from the operation of the law, no other conclusion can be drawn than that the intent of the Legislature was to prohibit running a pool hall on the Sabbath, and such construction should be given their language as to effectuate that purpose. One who, in defendant's language, managed and operated the pool room, dusted the pool and billiard tables, set the balls, furnished the cues, and did such other work as is necessary in a pool room is within the definition of "laborer," if a barber, livery stable keeper and bartender come within the meaning of that word. The Legislature intended to exempt only such labor and vocations as are necessary for the welfare of mankind, recognizing that human experience had demonstrated that days of rest were necessary for the best interest of the human race. In the case of Ex parte Newman, 9 Cal., 502, Judge Field has well expressed this thought, saying: "In its enactment the Legislature has given the sanction of law to a rule of conduct which the entire civilized world recognizes as essential to the physical and moral well-being of society. Upon no subject is there such a concurrence of opinion, among philosophers, moralists, and statesmen of all nations, as on the necessity of periodical cessations from labor. One day in seven is the rule, founded in experience and sustained by science. There is no nation, possessing any degree of civilization, where the rule is not observed, either from the sanctions of the law or the sanctions of religion. This fact has not escaped the observation of men of science, and distinguished philosophers have not hesitated to pronounce the rule founded upon a law of our race." Again: "The same authority quotes with approval the following from the Supreme Court of Pennsylvania (Specht v. Com., 8 Pa., 312, 49 Am. Dec., 518): 'All agree that to the well-being of society periods of rest are absolutely necessary. To be productive of the required advantage, these periods must recur at stated intervals, so that the mass of which the community is composed may enjoy a respite from labor at the same time. They may be established by common consent, or, as is conceded, the legisaltive power of the State may, without impropriety, interfere to fix the time of their stated return, and enforce obedience to the direction. When this happens some one day must be selected, and it has been said the round of the week presents none which, being preferred, might not be regarded as favoring some one of the numerous religious sects into which mankind are divided. In a Christian community, where a very large majority of the people celebrate the first day of the week as their chosen period of rest from labor, it is not surprising that that day should have received the legislative sanction. . . .'"

We are of the opinion that the complaint charged an offense against the laws of this State, and judgment is affirmed.

*Affirmed.*

Davidson, Presiding Judge, dissents, and may write reasons later. I do not believe under any construction of the statute a pool hall keeper is a laborer.

DAVIDSON, PRESIDING JUDGE (dissenting).—I feel constrained to dissent in this case from the conclusion reached by my brethren that the opening of a pool room or the operation of a pool room or billiard hall on Sunday is a violation of the Sunday law. Especially do I disagree with this on the ground upon which they place it, that is, that the man who opens his pool room or operates it on Sunday is a laborer within the terms of our statute.

· Article 196 of the Penal Code, which relator was charged with violating, reads as follows: "Any person who shall hereafter labor or compel, force or oblige his employes, workmen or apprentices to labor on Sunday, etc., shall be fined not less than ten nor more than fifty dollars." Relator if guilty is to be so adjudged under the first clause, "Any person who shall hereafter labor on Sunday shall be fined." From the evidence relator was the proprietor of an ordinary pool parlor or hall and kept his pool tables for the purpose of remuneration, for which he charged a fee, not for admittance to the hall, but charged those who played games on his tables at a stipulated price. Billiard halls or parlors and pool halls or parlors have at all times and under all circumstances, so far as I am aware, been classed as places of amusements, where people go to entertain themselves by playing games on the tables for pleasure, amusement or to while away the odd hours for pleasure, but it has never been held or regarded as a place where people labor or work.. It would hardly be considered a machine shop or factory, or a planing mill or any of those various places where people congregate as laborers and employ their time in such service. 22 Am. & Eng. Ency. of Law, 943; 4 Am. & Eng. Ency. of Law, 54.

Keepers of billiard halls and pool halls are required to pay an occupation tax usually to pursue such character of business. The Legislature has further provided that if such character of tables are exhibited for the purpose of securing betters or gaming, the owner or keeper of the table would be guilty of exhibiting the same under the gambling Act, and this, although it may be a licensed occupation; and it has been further held in this State that if the players of the game of pool should bet or wager on the game they would be guilty of betting. It has also been held that the betting of the table fees would constitute gambling, and if the owner of the table was aware of the fact and permitted the parties to bet the table fees, this would constitute him the keeper of the gaming table. It would

hardly be contended under these circumstances, at least ought not to be, that the keeper of such a place would be what is commonly known as a laborer. Article 196 quoted does not include pool parlors within its terms, and if it be so held under the terms of the article, it would be by the most strained construction. It can not be held to be a place of amusement under article 199, because of the fact that entrance fees are not paid, and other reasons as well, and it is not to be classed as amusement under the terms of that statute. My brethren evidently believe that it is not within the terms of article 199. That article interdicts traders, merchants and those who carry on a lawful trading business, opening their business on Sunday for the purpose of traffic. It is more than difficult to comprehend how the proprietor of a pool hall could be held to be a laborer under the terms of our statute. It does not include him, and if the statute is not susceptible of the construction under the ordinary language as commonly understood, he would not be within the terms of the statute. No man can be held to violate a law in Texas unless the Legislature has made it an offense in plain language. Penal Code, articles 1 and 9. If we take the definition of what constitutes a laborer, then it is clear that relator can not be brought within the definition of the term as commonly understood. A laborer, as defined by Mr. Webster, is one who works at a toilsome occupation. A laborer is one who performs manual labor. 14 Fed., 724-5; 43 N. W., 794; 42 Minn., 112; 6 L. R. A., 338; 18 Am. St. Rep., 495; 46 S. W., 918-19; 28 S. E., 157; 29 Atlantic, 326; 37 N. Y., 640; 81 N. C., 340; 82 Penn., 469; 50 Pac., 347; 38 S. E., 41; 112 Ga., 818; 26 S. W., 264. It is useless to multiply these authorities; they are very numerous in the United States. I have searched the authorities with some degree of interest to ascertain if it has been held by any court that a pool hall would be construed to be a laboring establishment, or the keeper, or employe of the keeper of such hall, would constitute either a laborer as that term is usually understood. Judge Brooks in Benson v. State, 47 Texas Crim. Rep., 609, held that a bartender who sold beer on Sunday could not be held to be a laborer. In fact, under our statute, he would not be a laborer, but if guilty of selling on Sunday, would come within the terms of article 199 by all of our decisions, which prohibits merchants, grocers and dealers in wares and merchandise and traders in business from opening their place on Sunday. It was thought, however, by my brethren that pool halls were not within the terms of that statute. If pool halls are to be included within the terms of the Sunday law, the Legislature has not seen proper to do so. This court by construction can not create offenses or make acts criminal within the terms of the law when not included by the Legislature. Murray v. State, 21 Texas Crim. App., 620.

I do not care to pursue this subject further. I am clearly of the opinion that my brethren are in error, and that by their opinion they

have construed into existence a violation of law which has not been created by the Legislature. I, therefore, respectfully dissent.