Ex Parte L. G. Perkins.

No. 5226.   Decided December 16, 1920.

City Charter and Ordinance—State Law—Pool Hall.

Where relator was convicted for a violation of an ordinance of the city of Bowie, which limited the hours within which a pool hall might be kept open, and it appeared on appeal that the charter of said city on this subject is contained in Article 872, Civil Statutes, which does not contain any general terms which would include pool halls, or name them specifically, this excludes the idea that it was intended thereby to confer upon said city the power to regulate amusements licensed by the State, and the relator is discharged.

Appeal from the District Court of Montague. Tried below before the Hon. John Speer, in Chambers.

Appeal from a *habeas corpus* proceeding; remanding relator to custody.

The opinion states the case.

*Benson & Benson,* for relator.—Cited Waldschmit et al v. City of New Braunsfels, 193 S. W. Rep., 1077; Ex parte Goldburg, 200 id., 386; Ex parte Farley, 144 id., 530; Ex parte Brewer, 152 id., 1068.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The relator was convicted for violation of an ordinance of the city of Bowie, which limited the hours within which a pool hall might be kept open. Relief from custody is sought upon the ground that the ordinance was not within the authority of the city, and that the judgment, therefore, was void.

It is argued that the State having licensed pool halls, the city would not have power to prescribe the hours during which the business might be conducted. The power that the city has would depend upon its charter. Ex parte Brewer, 68 Texas Crim. Rep., 387, 152 S. W. Rep., 1069. The charter of the city of Bowie on this subject is contained in Article 872 of the Civil Statutes. That statute names certain things that may be regulated, but does not name pool halls, nor does it contain any general terms which would include pool halls. The terms in which the charter is framed, we think, exclude the idea that it was intended

thereby to confer the power to regulate amusements licensed by the State and not named in the charter.

Since the conviction, pool halls have been prohibited by a general statute. This, however, does not affect the present conviction.

From what we have said, it follows that the judgment denying the relator his liberty should be reversed and the relator ordered discharged.

*Relator Discharged.*