## Ex Parte A. Goldburg.

### No. 4639. Decided January 16, 1918.

**1.—City Charter and Ordinance—Rule Stated—Penalties.**

Penalty under a city ordinance, if the ordinance is the same as the State law, must conform strictly to the penalties prescribed by the State law, and can not exceed or fall below them.

**2.—Same—Rule Stated—Municipal Ordinances.**

Ordinances, which are purely municipal, and where there is no existing State law on the same subject, can not prescribe penalties unless so authorized by the State law or specified in the charter, and this in no instance beyond the granted power.

**3.—Same—City Charter—Junk Dealer—Pawnbroker.**

Where defendant was prosecuted for a violation of the city ordinance concerning pawnbrokers, junk dealers, etc., and there is no express authority in the city charter which regulates or penalizes the occupation of a junk dealer or second-hand dealer, such ordinance is invalid. Prendergast, Judge, dissenting.

**4.—Same—Pawnbrokers—Ordinances—State Law—Penalties.**

Under article 641, Penal Code, a pawnbroker shall be punished for a violation of said statute by a fine of not less than $25 nor more than $100, and a city ordinance of the same character, which prescribes a punishment not less than $5 nor more than $200 is invalid and void.

**5.—Same—Invalidity of City Ordinance.**

Where a city ordinance included pawnbrokers, junk dealers and second-hand dealers, and so intermingled all of these different subjects and classes that one part of the ordinance can not be upheld to the exclusion of the others, or an omission of the other phases, the whole ordinance must fall. Following Ex parte Woods 52 Texas Crim. Rep., 575, and other cases. Prendergast, Judge, dissenting.

**6.—Same—Unreasonable City Ordinance.**

Where some of the provisions of a city ordinance are not only unreasonable, but discriminating and prohibitory, they can not be enforced. Prendergast, Judge, dissenting.

From El Paso County.

Original habeas corpus proceeding asking a release from arrest under a city ordinance, charging relator for having failed and refused to furnish a daily report to the chief of police, etc.

The opinion states the case.

*Hudspeth, Dale & Harper,* for appellant.—On question of reasonableness of ordinance: Ex parte Battis, 40 Texas Crim. Rep., 112; Ex parte Vance, 42 id., 619; Ex parte Patterson, 42 id., 256; McCarver v. State, 39 id., 448; Heidleberg v. State, 51 id., 581; Robinson v. State, 30 Texas Crim. App., 493; Garza v. State, 28 id., 381; Ex parte Farley, 65 Texas Crim. Rep., 405, 144 S. W. Rep., 530.

On question of invalidity of ordinance: Flood v. State, 19 Texas Crim. App., 584; Cross v. State, 44 Texas Crim. Rep., 376; Mantel v. State, 55 id., 456; McHenry v. State, 103 S. W. Rep., 390; Ex parte Farley, 65 Texas Crim. Rep., 405, 144 S. W. Rep., 530.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—The city of El Paso passed an ordinance, the first section of which reads as follows:

"It shall be the duty of every person, firm or corporation who is engaged in the business of pawnbroker, junk dealer or a dealer in second-hand goods or merchandise in the city of El Paso, Texas, either as a business or as a mere occasional purchaser of the same, to provide a well bound book to be kept at his place of business, in which a record of all transactions had by said person, firm or corporation shall be kept, giving an accurate description of each and every article taken in as a pledge or purchased by them, together with an accurate description of the party or parties from whom said books are received or purchased, together with the name of said person or persons and his or their address, giving the house or street number of same, which book shall be open at all times to the inspection of the chief of police of the city of El Paso, Texas, or any officer designated by such chief of police, and there shall also be entered in said book the amount of the loan or purchase price of said articles."

Section 3 provides: "It shall be the duty of every person, firm or corporation engaged in any of the above businesses to furnish daily a report before 12 o'clock noon to the chief of police of the city of El Paso, Texas, on blanks to be furnished by said chief of police, which accurate and complete record shall show all property of every kind received or purchased by them, together with the description of said

property, description of the person delivering the same to them, together with said persons' addresses, and said report shall give the age, complexion, sex and approximate height of the persons delivering said property to them, together with the time at which said property was received."

Section 5 provides: "It shall be unlawful for any person, firm or corporation to buy any property of any kind or receive the same as a pledge which property is distinctly and plainly marked as being the property of any firm or corporation other than the party offering the same to sell, unless the party offering to sell the same shall show satisfactory evidence in writing that he is the legal and lawful owner of said property."

Section 6 provides: "It shall be unlawful for any person to act as the agent, servant or employe of any person, firm or corporation engaged in any of said businesses who does not keep a book as required by this ordinance and does not make report to the chief of police as herein required."

Section 7 provides: "It shall be the duty of every person, firm or corporation from whom junk is bought or otherwise obtained, to safely keep each lot or purchase separate and apart from other articles so that the same can be identified, for at least two (2) full days after the day the same is purchased and report thereof is made to the chief of police, as above required."

Section 9 provides: "Should it hereafter be discovered or adjudged by any court that any section or portion of this ordinance is unconstitutional, void or invalid for any reason, it shall not affect the validity or constitutionality of the remaining portion of this ordinance, unless the portion so declared unconstitutional, void or invalid is so interwoven or dependent upon the other portions of said ordinance that the same can not be enforced as herein intended."

Section 10 provides: "It shall be unlawful for any person, firm or corporation engaged in the business of pawnbroker or junk dealer to keep such place of business open for business or to transact any business at said place of business between the hours of 7:30 o'clock p. m. and 6 o'clock a. m. on the following day; and it shall be the duty of said person, firm or corporation so engaged in said business to keep the said place of business closed between the hours above mentioned."

Section 11 provides: "Any person, firm or corporation, or their agents, servants or employes, who shall violate any of the provisions of this ordinance shall be deemed guilty of misdemeanor, and, upon conviction thereof shall be fined for any sum not less than five ($5) dollars, nor more than two hundred ($200) dollars."

This is a sufficient statement of the provisions of the ordinance to bring in review the questions urged for disposition. There are a few general propositions which seem to be well understood as the law, which may be stated as follows: A business which is authorized by

the State law can not be prohibited by city ordinance directly or indirectly. A business which is regulated by the State can not be prohibited by the city either by express enactment or by prohibitory regulation. A business regulated by the State can not be regulated by the city otherwise than by grant of power to such city in the charter passed by the Legislature for the purpose of such regulation. Nor can such regulation be otherwise than in accord with the State law. It can not be in violation of or in conflict with the State law or any provision of the Constitution. Penalties under ordinances, if the ordinance is the same as the State law, must conform strictly to penalties prescribed by the State law. Such penalties can not exceed or fall below the penalties prescribed by the State law; that is, where the ordinance pertains to the same matter as that enacted by the Legislature. Ordinances which are purely municipal and where there is no existing State law on the same subject, can not prescribe penalties unless so authorized by the State law and specified in the charter, and this in no instance beyond the granted power. If there be no express authority in the charter to levy penalties, but there is a general statute of the State authorizing penalties for city ordinances, then the ordinance must conform to the generally delegated authority. The city can neither provide a punishment in excess of the legislative Act, nor prescribe a less penalty, and in either or both instances there must be no conflict with the State law or the Constitution. Const., art. 11, sec. 5. For cases see Harris' Ann. Const., pp. 208 to 212.

An inspection of the charter of the city of El Paso shows that there is no express authority contained in the charter to regulate or penalize the occupation of junk dealer or second-hand dealer. The power to create or ordain the ordinance in question, if existent, is to be found in the general statement of granted authority in the second section of the charter. It is unnecessary to repeat that section, but it is very general as in contradistinction from being specific. Power, however, is granted specifically to control pawnbrokers. This is found in section 98 of the city charter of El Paso, but junk dealers and second-hand dealers are not specified. Therefore, if they can be regulated or penalized before stated, it must be under the general grant of power found in section 2 of the Act. It will be noticed that this ordinance prescribes a punishment not less than five nor more than two hundred dollars. Pawnbrokers are included within this ordinance and come within that punishment. Article 641 of the Penal Code provides that, "If any pawnbroker, or person doing any business as such, shall receive any article in pledge, or sell the same without complying with the laws regulating pawnbrokers in this State, he shall be punished by fine not less than twenty-five dollars nor more than one hundred dollars." So it is obvious that the ordinance is invalid in its punishment so far as pawnbrokers are concerned. All the authorities hold that where the punishment is prescribed by a State law and the city undertakes to

prescribe a punishment for the same offense, it must follow literally the State law both as to definition and punishment, and that any punishment higher or lower than the State law will be invalid. The authorities are so numerous and so well understood it is thought unnecessary to cite them. .Not only is this the well known rule in Texas, but the matter is further emphasized by a provision of the Constitution. Article 11, section 5, of that instrument thus reads: "Cities having more than five thousand inhabitants may by a majority vote of the qualified voters of said city, at an election held for that purpose, adopt or amend their charters, subject to such limitations as may be prescribed by the Legislature, and providing that no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State," etc. So there would seem to be no question of this proposition. There is a direct conflict here between the ordinance and the State law as to pawnbrokers, especially as to the amount of punishment. This ordinance is void from this standpoint. The punishment and regulations provided therein as to pawnbrokers being in direct conflict with the State law on these subjects, must be held void. The ordinance includes pawnbrokers, junk dealers and second-hand dealers and so intermingles all these different subjects and classes that one part of the ordinance can not be upheld to the exclusion of the others or an omission of the other phases. This seems evident from its perusal. This being true, the whole ordinance must fall. It is unnecessary to take up and contrast the pawnbrokers' phase of the ordinance with the State law on the same subject. The ordinance and the State law are so directly in conflict on these different matters and they are so interwoven in the ordinance with each other, that they can not be held invalid as to one and valid as to its other provisions. It was and is clearly the intention of the ordinance to include them all together, and the ordinance is so written that it seems impossible to eliminate one and leave the other so as to make the ordinance valid as to any of them. Ex parte Woods, 52 Texas Crim. Rep., 575; Pullman Car Co. v. State, 64 Texas, 274; Hoefling v. City of San Antonio, 85 Texas, 228.

It is contended that the ordinance is invalid because of its unreasonableness. We are of opinion this proposition is correct. Some provisions of the ordinance are not only unreasonable but discriminating and prohibitory. Pawnbroking seems to have been rather ostracized of late years and legislation has been adverse to such busiiess, but this can not be said of junk dealers and second-hand dealers so far as the policy of legislation in Texas is concerned. That reasonable regulations may be applied is not necessary to be discussed, but some of those prescribed clearly are unreasonable. For instance, take section 5, which prescribes: "It shall be unlawful for any person, firm or corporation to buy any property of any kind or receive the same as a pledge which

property is distinctly and plainly marked as being the property of any firm or corporation other than the party offering the same to sell, unless the party offering to sell the same shall show satisfactory evidence in writing that he is the legal and lawful owner of said property." The practical effect of this section is that parties who desire to exchange property which they may have, such as clothing, stoves and a great many things of that character here unnecessary to enumerate, would be prohibited from selling and the purchaser from purchasing if it should happen to have stamped on it the name of the original maker or owner of said article. This seems to the writer to be a prohibition of the purchase or selling of such article, if not an absurdity. It would be rather difficult for someone who has bought a suit of clothes with the name of the original maker on it where it was manufactured in some of the other States of the Union, or perhaps in a foreign country, to get permission from the maker or original owner to dispose of this property, and the purchaser would have equally as difficult proposition to ascertain the granted permission. The maker of those clothes, stoves or other articles may buy them and place them upon the market and dispose of them and part with the title when they were shipped from the factory. The party owning such property when he proposes to sell or exchange, pledge or pawn them would be required to seek out the original manufacturer or owner and secure authority from them in order to sell this property, whether it be junk or second-hand goods. If this section is held valid it would require practically an impossibility, and unless he did obtain such permission as required by the ordinance he would be liable for a severe punishment. The writer is inclined to think that section 3 is subject to the criticism of appellant. It is unnecessary here to repeat it as it has already been quoted. From it it will be seen that parties engaged in any of these matters are required to make daily reports to the chief of police before 12 o'clock of each day on blanks furnished by such chief of police, stating accurately and completely in that record all property of every kind received or purchased, a description of the property and of the person delivering the same; the person's address, and such report shall give the age, complexion, sex and approximate height of the person delivering said property, together with the time at which it was received. And in section 7, the junk bought shall be safely kept to itself separate and apart from all other articles so that the same may be identified, and must be so kept for at least two days after the day the same was purchased and report thereof is made to the chief of police. These matters are of such a nature as to be prohibitive, onerous and unreasonable.

We are, therefore, of opinion this ordinance is void and the relator is ordered discharged.

<em>Relator discharged.</em>

PRENDERGAST, Judge (dissenting).—The relator was prosecuted

for violating the ordinance as to junk dealers solely. Therefore, even if some provisions of the ordinance as to pawnbrokers or dealers in second-hand goods should be invalid, that would not invalidate the ordinance as to junk dealers.

I think the ordinance is severable and valid as to junk dealers. I, therefore, can not agree to the opinion by the majority, but dissent therefrom.