EX PARTE HENRY JONISCHKIES.

No. 6462.   Decided October 4, 1922.

1.—City Charter and Ordinance—Traffic Regulation—Validity of Ordinance.

Under the general law concerning municipal corporations, the right to enact an ordinance consistent with a State law upon the same subject obtains, and there would be no necessity for express direction of the statute or charter to authorize the designation of the point of meeting of the center lines of the two intersecting streets. This would be a regulation involving the power granted in Article 854 of the Revised Statutes, conferring to an

incorporated city the power to control and regulate its streets. Following Ex parte Parr, 82 Texas Crim. Rep., 525, and other cases.

### 2.—Same—State Statute—City Ordinance—Less Penalty.

The State statute on the same subject makes the offense a misdemeanor, fixing the penalty of a fine of $100 for the first offense, and at a fine of not less than $10 nor more than $200 for subsequent offenses. In the city ordinance in question, the penalty is a fine of not to exceed $100, and no distinction is made whether it be the first or subsequent offense. This violates Article 965, C. C. P., and makes the ordinance invalid for providing a less penalty than the statute. Following McClain v. State, 31 Texas Crim Rep., 558, and other cases.

### 3.—Same—Constitutional Law—Amending Statutes.

The contention that the Act of the Legislature fixing a penalty is rendered void by reason of Article 3, Section 36, of the Constitution, with reference to revising and amending laws is untenable, as this provision and other similar Constitutional restrictions upon the form of legislation have never, in construction, been given a rigid effect, and the Act of the Legislature fixing the penalty for violation of the statute in amending a former statute, which omitted the penalty, is not invalid, and since the ordinance prescribes a less penalty than that prescribed by the State statute the same is invalid, and relator must be discharged.

From De Witt County.

Original application for writ of *habeas corpus*, seeking relief against the judgment of the city court in the city of Yorktown, condemning relator to pay a fine of five dollars and costs for a violation of the traffic ordinance.

The opinion states the case.

*J. F. Murray*, for relator.—On the question that any ordinance which attempts to enact and enforce the same, which conflicts with the State law on the same subject is invalid: Flood v. State, 19 Texas Crim. App., 587; Mantel v. State, 117 S. W. Rep., 855; McClain v. State, 21 S. W. Rep., 365; Lynn v. State, 25 id., 779; Arroyo v. State, 69 id., 503; Fay v. State, 71 id., 603; Ex Parte Farley, 144 id., 530; Ex parte Brewer, 152 id., 1068; Angerhofer v. State, 15 Texas Crim. App., 613; Miller v. State, 69 S. W. 523.

The enactment of an ordinance which is broader than the State law on the same subject is an attempt to suspend the State law; McNeill v. State, 14 S. W. Rep., 393; Ex parte Patterson, 58 id.; 1011; Ex parte Heidleberg, 103 id., 395; Ex parte Epperson, 134 id., 685; Ex parte Savage, 141 id., 244.

*Tom Cheatham*, for respondent.—Upon question of power of a city over streets, alleys, public grounds and highways: Ex parte Gregory, 20 Texas Crim. App., 217.

On question of statute being unconstitutional: Henderson v. City of Galveston, 114 S. W. Rep., 108; T. & P. Ry. Co., v. Webb, 114 id., 1171; Sheridan v. City of Salem, 12 Pac. Rep., 925; Faulkner v. Robinson, 46 Ala., 340.

MORROW, Presiding Judge.—This is an original application for writ of *habeas corpus*. Relator seeks relief against a judgment of the city court in the city of Yorktown condemning him to pay a fine of five dollars and costs for a violation of the traffic ordinance.

The ordinance requires that one desiring to turn to the left at the point of intersection of two streets shall pass the center point on the right before making said turn. It also provides that if "traffic poles" have been installed, that he shall pass the traffic poles before turning to the left. The complaint charges a failure to observe the requirement last mentioned.

The judgment of the court below is attacked as void upon the grounds (a) that the city was without authority to enact such ordinance with reference to traffic poles, and (b) because the ordinance condemns an act denounced as a misdemeanor by the statute of the State and provides a penalty less onerous than that named in the State law.

Concerning the point first mentioned, the character of the charter is not revealed by the record, but in the absence of some express inhibition in the charter itself, we think under the general law concerning municipal corporations, the right to enact an ordinance consistent with the State law upon the same subject obtains, and that there would be no necessity for express direction of the statute or charter to authorize the designation of the point of meeting of the center lines of the two intersecting streets. This would be a regulation involved in the power granted in Article 854 of the Revised Statutes conferring to an incorporated city the power to control and regulate its streets. See Vernon-Sayles Civil Statutes 1914, Vol. 1, p. 449; Ex parte Parr, 200 S. W. Rep., 404, 82 Texas Crim. Rep., 525; Gill v. City of Dallas, 209 S. W. Rep., 209. We find nothing in the acts of 1917, chapter 207, subdivision (r), or elsewhere, restrictive of this power as applied to the present facts. Subdivision (g), Section 16 of Chapter 207 of the Acts of Thirty-fifth Legislature, declares that one traveling upon a highway in a motor vehicle, in turning to the left at a point of intersection with another highway, shall proceed beyond the right of the center at the point of intersection before turning to the left.. In the Act of the Legislature mentioned no penalty was attached to the regulation mentioned. By subsequent enactment, however, a violation of the regulation was made a misdemeanor, fixing the penalty at a fine of one hundred dollars for the first offense, and at a fine of not less than ten nor more than two hundred dollars for subsequent offenses. In the ordinance in question the penalty is a fine of not to exceed one hundred dollars, and no distinction is made whether it be the first or subsequent offense. This is in our opinion violative of Article 965 of the Code of Criminal Procedure wherein it is declared in substance that "No ordinance of a city shall be valid which provides a less penalty for any

act, omission or offense than is prescribed by the statutes where such .
an act or ommission is an offense against the statute.'' Construction of
this statute will be found in Vernon's Texas Crim. Stats., Vol. 2, p.
916, subdiv. 7; also in Branch's, Texas Crim Law, Sec. 416.    See
McClain v. State, 31 Texas Crim. Rep., 558; Ex parte Cross, 44 Texas
Crim. Rep., 376; Ex parte McHenry, 103 S. W. Rep., 390; Ex parte
Brown, 34 Texas Crim. Rep., 107; Mantel v. State, 55 Texas Crim.
Rep., 456; Ex parte Earley, 65 Texas Crim. Rep., 405, 144 S. W.
Rep., 530.

It is contended in the brief of the county attorney that the Act of
the Legislature fixing a penalty is rendered void by reason of Article
3, Section 36 of the Constitution, wherein it is said: ''No law shall
be revived or amended by reference to its title; but in such case the
act revived, or the section or sections amended shall be reenacted and
published at length.''    It is argued that by reason of this clause the
Act of the Legislature attempting to fix the penalty is no impediment
to the city naming a penalty different from that mentioned in the
statute.  The soundness of this argument obviously depends upon the
accuracy of the conclusion of the respondent that the Act of the
Legislature fixing the penalty is obnoxious to the provision of the
Constitution mentioned.  The statute enacting the penalty, Chapter
31, Acts Thirty-fifth Legislature, First Called Session, reads thus:

''Section 1.   That Capter 207 of the Acts of the Regular Session
of the Thirty-fifth Legislature regulating the operation of motor
vehicles upon the public highways of this State, and published at
length in the general laws of the said session of the Thirty-fifth Legis-
lature, pages 474 to 485, be and the same are hereby amended by
adding to the end of said Chapter, after Section 44 of said Act, two
new sections to be numbered Sections 45 and 46 respectively, and to
read as follows, to-wit:

''Sec. 45.   The violation of any of the provisions or requirements
contained in Sections Four (4), Five (5), Eight b (8b), Nine (9),
Ten (10), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14),
Fifteen (15), Sixteen (16), Seventeen (17), Nineteen (19), Twenty
(20), Twenty-two (22), Twenty-nine (29), and Thirty (30) of this
Act, shall constitute a misdemeanor, punishable upon conviction there-
of for the first offense by fine not to exceed one hundred ($100)
dollars; and for the second or any subsequent offense, by a fine of not
less than ten ($10) dollars nor more than two hundred ($200)
dollars.''

The brief of the county attorney reveals much research and learn-
ing.  Chief Justice Gaines, writing an opinion for the Supreme Court,
expressed views touching the application of the constitutonal pro-
vision under consideration which we understand to be in accord with
the prevailing judgment both of this and other States.  Attention is
there called to the fact that in the absence of some restrictive consti-

tutional provision legislative bodies pursue the practice of amending laws simply by providing that certain words should be added, or that others should be stricken out, or that in place of certain language certain other words should be substituted, and said: "These were the evils which it was the purpose of the constitutional provision to suppress. That provision and other similar constitutional restrictions upon the form of legislation have never in construction been given a rigid effect. They have been held applicable to such statutes only as come within their terms, when construed according to the spirit of such restrictions and in the light of the evils to be suppressed." Further he said:

"Section 12 of its charter extends to the Waco Tap Railroad Company, in express terms, the privileges of earning lands which were granted to other railroad companies by the general law of January 30, 1854. The meaning of the section is as clear as if the provisions of the general law had been repeated in the act. It incorporates the privileges of that law, and makes them a part of the special charter, By reference to the act we know what the privileges were which were intended to be granted. The practice of making the provisions of one statute applicable to another by a reference to the former law in the new act is of frequent occurrence in legislation both in England and in this country, and such legislation has been uniformly recognized as valid, so far as we have been able to discover. Warrenton W. W. Co. v. Longshaw, L. R., 9 Q. B. D., 145; Attorney General v. Gas, L. & C. Co., L. R., 7, Ch. Div., 217; Sika v. Railway Co. 21 Wis., 375; Wood v. Hustis, 17 Wis., 429; Crosby v. Smith, 19 Wis., 472; Turney v. Wilton, 36 Ill., 385; Jones v. Dexter, 8 Fla., 276; Spring Valley W. W. v. San Francisco, 22 Cal. 434; Schwenke v. Railway, 7 Col., 512." Quinlan v. H. & T. C. Ry Co., 89 Texas, 371.

The rule of construction anounced in the decision mentioned and others to which it refers should, in our opinion, be applied to the statute under consideration. Section 16 of Chapter 207, *supra,* is set out in that chapter. The so-called amending statute makes no change in Section 16, nor in fact in any other subdivision of Chapter 207. It simply enacts two additional sections to be added to that chapter. The purpose and effect of the latter Act is open to no misconstruction and furnishes, as we conceive it, a precedent for no confusion in the future. It simply reflects the will of the Legislature that to enforce the provisions of Section 16 and other named sections of Chapter 207, and to punish a violation of the legislative purpose therein expressed, the penalties named in Chapter 31, *supra,* should be established. Other judicial interpretations of the article by the courts of this State are found, among them, Nobles v. State, 42 S. W. Rep., 978; City of Oak Cliff v. State, 97 Texas, 383; Ward v. Harris County, 209 S. W. Rep., 792; Dallas County v. Attorney General, 207 S. W. Rep., 310. See annotations also Harris' Texas

30—92 T. C.

Constitution, p. 274. Without a discussion of the cases in detail, we express the opinion that they support the conclusion that the Act of the Legislature fixing penalty for a violation of the statute in question is not invalid. From what has been said it follows that since the ordinance prescribes a penalty materially varying from that prescribed by the statute, that is for failing to observe the regulation which requires that one driving a motor vehicle shall at intersection of streets, before turning to the left, pass upon the right side of the street the center line of intersection, that phase of the ordinance in question prescribing a different penalty for the same act that is denounced by the State cannot be upheld.

The judgment of conviction is therefore void, and the relator is ordered discharged.

*Relator discharged.*