Upon the same proposition we cited Belcher v. State, 35 Tex. Cr. R. 168, 32 S. W. 770, and Ratcliff v. State, 29 Tex. App. 248, 15 S. W. 596. In several of the cases cited the authorities are collated, and we make no extensive review of them at this time.

The state's motion for rehearing is overruled.

=====

## DAVIS v. STATE. (No. 7127.)

(Court. of Criminal Appeals of Texas. Nov. 1, 1922. Rehearing Denied Jan. 10, 1923.)

1. **Criminal law ⬅️1172(6)—Instruction to convict if defendant sold, bartered, or exchanged intoxicating liquor held harmless, where facts showed only a sale.**

In a prosecution for selling intoxicating liquor, where the facts showed only a sale, an instruction to convict defendant if she sold, bartered, or exchanged the liquor was harmless.

2. **Constitutional law ⬅️208(3)—Act denying suspended sentence to persons over 25 held not class legislation.**

Acts 37th Leg. First Called Sess. 1921, c. 61 (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼ et seq.), denying the benefit of a suspended sentence to any one over 25 when convicted of violating the liquor law, held not class legislation, but an exercise of a rightful discretion in discriminating between the turpitude of similar acts committed by youthful offenders and persons of mature age; no one under 25 being discriminated against.

3. **Criminal law ⬅️978—Act fixing age limit, for suspended sentence, held not unreasonable.**

Acts 37th Leg. First Called Sess. 1921, c. 61 (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼ et seq.), fixing the age limit above which persons convicted of violating the liquor law are denied the benefit of a suspended sentence at 25 years, held not unreasonable or in excess of the Legislature's power.

4. **Criminal law ⬅️780(2)—That purchaser of liquor was not positive on cross-examination held not to call for charge on accomplice testimony.**

That one testifying that he purchased intoxicating liquor from defendant was not so positive on cross-examination held not to call for a charge on accomplice testimony, though such fact might be used to affect his credibility, corroboration of ' the purchaser not being required under the present liquor law.

5. **Intoxicating liquors ⬅️233(2)—Testimony as to finding implements and materials admissible, though defendant disclaimed ownership.**

Testimony as to the finding of implements and materials ordinarily used in the manufacture of intoxicating liquor, on the premises of one accused of selling such liquor, the day after the alleged sale, held admissible as tending to strengthen the probability of such sale, though defendant disclaimed ownership of any of the articles found, the weight of such testimony being for the jury.

6. **Criminal law ⬅️42—Defendant denying connection with articles found on premises, in testimony before grand jury, held not exempt from prosecution for selling intoxicating liquors, under act exempting persons required to give incriminating testimony.**

One testifying before the grand jury that she had no connection with articles ordinarily used in the manufacture of intoxicating liquor which were found on her premises, and that she made no sale of intoxicating liquor, held not exempt from prosecution, under Acts 36th Leg. Second Called Sess. 1919, c. 78, § 40 (Vernon's Ann. Pen. Code Supp. 1922, art. 589¼ss), providing that no one required to give testimony tending to incriminate him shall be punished for acts disclosed thereby, irrespective of Vernon's Ann. Pen. Code 1916, art. 598c, which is a part of title 11, chapter 7, all of which has been superseded by laws enacted

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

under the constitutional amendment forbidding the sale of intoxicating liquor, and is even more liberal to witnesses testifying as to law violations than section 40.

**7. Intoxicating liquors ⬷236(11)—Evidence held sufficient to sustain conviction of selling.**

Evidence *held* sufficient to sustain a conviction of selling intoxicating liquor.

### On Motion for Rehearing.

**8. Statutes ⬷130—Constitutional prohibition of amendment by reference to title only applicable only to statutes within its terms when construed according to spirit thereof and in light of evils to be suppressed.**

The constitutional prohibition against revision or amendment of statutes by reference to their titles only and similar constitutional restrictions are not given a rigid effect, but are *held* applicable only to such statutes as come within its terms when construed according to the spirit thereof and in the light of the evil to be suppressed.

**9. Statutes ⬷141(1)—Statute adopting preexisting statutes by reference not strictly amendatory within constitutional prohibition of amendment by reference to title only.**

Statutes referring to, and by reference, adopting, pre-existing statutes, wholly or partially, are not strictly amendatory or revisory, and hence are not obnoxious to the constitutional provision forbidding a law to be revised, amended or the provisions thereof extended or conferred by reference to its title only.

**10. Statutes ⬷141(1)—Act denying benefit of suspended sentence law to persons over 25 convicted of violating liquor law held not unconstitutional as amending suspended sentence law by reference to title only.**

Acts 37th Leg. First Called Sess. 1921, c. 61, § 2a, amending Acts 36th Leg. Second Called Sess. 1919, c. 78 (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼a4) which made the sale of intoxicating liquor a felony, by providing that no one over 25 when convicted of violating the act shall have the benefit of the suspended sentence law of 1913 (Vernon's Ann. Code Cr. Proc. 1916, arts. 865b–865i), *held* not violative of Const. art. 3, § 36, as amending the latter act by reference to its title only, the express language of section 2d negativing the Legislature's intent to adopt in its entirety the suspended sentence law, which applies to felonies created thereafter, in the absence of express restrictions to the contrary.

**11. Criminal law ⬷1168(2)—Denial of permission to file motion as in limine to direct state that testimony discovered without search warrant could not be used held not reversible error.**

In a prosecution for selling intoxicating liquor, where defendant, because of the county attorney's statement that he did not expect to use evidence discovered without a search warrant, did not file a motion requesting the court to direct the state that such testimony could not be used, but the exigencies of the case made it necessary for the county attorney to use such testimony, the court's denial of permission to file the motion as in limine was not reversible error, even if a federal question would have been presented by filing it, the same point being available to defendant as presented in his bill of exceptions.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Pearl Davis was convicted of selling intoxicating liquor, and she appeals. Affirmed.

Thos. R. Bond, of Terrell, and Wynne & Wynne, of Kaufman, for appellant.

H. R. Young, Co. Atty., of Kaufman, and R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of Kaufman county of the offense of selling intoxicating liquor, and her punishment fixed at one year in the penitentiary.

The evidence of the state, aside from that of the witness to whom it was alleged the liquor in question was sold, showed that an officer, upon examination of the premises occupied by appellant and her aged and infirm mother, found a 5-gallon can, a copper coil, a rubber hose, some kind of tin outfit, and some mash, the latter being buried under a smokehouse. There were also found in the kitchen several empty jars which witness said smelled of corn whisky. None of the property so found was exhibited in court. Appellant's bill of exceptions No. 1 complains of the reception of the testimony of said officer and sets out that appellant would have made a motion showing that the premises so entered and searched by said officer was the homestead of appellant and her mother, and that there was no right of entry under any search warrant or other legal authority. This contention of appellant appears to have been discussed and to some extent decided against her in the recent case of C. E. Gaines v. State (No. 6608) 248 S. W. ——, decided at this term. See Rippey v. State, 86 Tex. Cr. R. 539, 219 S. W. 463. We do not think that question in this case.

[1] Complaint is made that the court erroneously told the jury to convict appellant if she sold, bartered or exchanged the liquor in question, a sale only being charged in the indictment. The facts in evidence showed only a sale, if any offense is shown, and in our opinion the use of the other expressions in the charge of the trial court was of no possible harm to appellant.

[2] By the terms of chapter 61, General Laws of the First Called Session of the Thirty-Seventh Legislature (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼a4), the benefit of suspended sentence is denied to any person convicted of a violation of the present liquor law, who at the time of such conviction is over 25 years of age. In the instant

---

⬷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

case appellant filed and presented her application for suspended sentence, omitting therefrom any allegation as to her age. In her testimony she admitted herself to be 41 years old. The trial court refused to submit the issue of suspended sentence, and appellant has an exception. The only authority cited supporting appellant's contention is that of Baker v. State, 70 Tex. Cr. R. 618, 158 S. W. 1002. The Baker Case upholds the constitutionality of the suspended sentence law.

[3] We find nothing in our Constitution forbidding the Legislature the power to fix one punishment for a youthful offender and a different punishment for one of mature age, for the same character of offense. This is not class legislation, but is an exercise of a rightful discretion which discriminates between the turpitude of two similar acts, one of which is committed by an offender whose tender years and probable lack of judgment and knowledge makes it fitting that he should receive a lighter punishment. No person under 25 years of age is discriminated against by the terms of this statute. We do not think the fixing of the age limit of 25 years to be unreasonable or in excess of the power of the Legislature.

[4] We do not think the facts in this case required a charge upon the necessity for corroborating the witness Freeman, who testified that he purchased from appellant the liquor in question. Under the law as it now is the purchaser does not require corroboration. The fact that the witness was not so positive in his testimony upon cross-examination as that originally given by him, might be used to affect his credibility before the jury, but would not call for a charge on accomplice testimony.

[5] Proof of the finding of liquor or the implements or materials ordinarily used in the manufacture thereof, on the premises of one accused of selling such liquor, on or about the time of such alleged sale, would be admissible on the trial of such charge, and would have probative force in strengthening the probability of such sale. The testimony in the instant case that such implements and materials were found on the premises in question the next day after the alleged sale, would be admissible. That appellant disclaimed ownership of any of the articles found would not affect the admissibility of such evidence, the weight of which was for the jury.

[6] From bill of exceptions No. 6 it appears that appellant made a motion at the close of the testimony asking that this prosecution be abated or that she be declared not guilty, for the alleged reason that she had given testimony before the grand jury regarding the transaction involved in the prosecution. Her claim was based upon section 40, c. 78, General Laws of the Second

Called Session of the Thirty-Sixth Legislature (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼ss), which is as follows:

"That no person shall be excused from testifying against persons who have violated any provisions of this act for the reason that such testimony will tend to incriminate him, but no person required to so testify shall be punished for acts disclosed by such testimony."

Analysis of the above makes it plain that one who testifies against persons who have violated the provisions of the Dean liquor law, must be held exempt from punishment for acts disclosed by such testimony. In our opinion appellant wholly fails to bring herself within the comprehension of this exempting article. From her bill of exceptions above referred to we learn that after the alleged sale to Freeman, and after the officers had been to her premises and found the articles above mentioned, she was subpoenaed before the grand jury and there denied having made any sale to Freeman—just as she did on this trial—and also denied any connection with any of the articles found by the officers at her place. She testified before the grand jury that she had given two negro men permission to put something in her woodshed, and that if the officers found there the articles described by them, these two negro men must have put same there. She further averred in her said motion that after making these statements to the grand jury, she was permitted to go, but was later brought back to the grand jury where she was identified by the witness Freeman, and that after he identified her she was taken to jail and locked up. Section 40, supra, is very different in its terms from article 593c of our Penal Code, which latter is a part of chapter 7, title 11, which whole chapter has been superseded by laws enacted under the present constitutional amendment forbidding sale of intoxicating liquor in this state. We do not think the decisions referred to by appellant, which were had under the old article 593c, give us any light upon appellant's contention here or are decisive thereof. Under the facts in the instant case we would be constrained to hold appellant not exempt from prosecution under article 593c, which is more liberal to the witness testifying regarding violations of the law, than is the present section 40, supra. We fail to find where appellant is being punished in the instant case for any acts disclosed by her to the grand jury.

[7] Appellant also complains of the fact that the evidence before the court does not sustain the verdict. We find ourselves unable to agree with this proposition. The boy, Freeman, testified positively that he bought the liquor from appellant and paid her for it. On cross-examination he testified to the presence of appellant and a negro man, and to some conversation between them, and the

putting of the liquor upon a table and the putting of money by him on said table. We think the facts amply support the verdict.

Finding no error in the record, the judgment will be affirmed.

### On Motion for Rehearing.

HAWKINS, J. In our former opinion we held the act of the Thirty-Seventh Legislature, 1st Called Sess. c. 61, p. 233, § 2d, providing that "no person over twenty-five years of age convicted under any of the provisions of this Act shall have the benefit of the Suspended Sentence Law," was not discriminatory.

[8-10] On motion for rehearing our attention is called to a further contention urged by appellant, viz.: That the act of the Legislature above referred to is in effect an effort to amend the suspended sentence law passed by the Legislature in 1913 (Laws 1913, c. 7) and now incorporated in our Code of Criminal Procedure as articles 865b to 865i inclusive, and is unconstitutional and ineffective as violative of section 36, art. 3, of our Constitution which reads:

"No law shall be revived or amended by reference to its title; but in such case the act revived, or the section or sections amended, shall be re-enacted and published at length."

If section 2d, quoted above, was an amendment or attempted amendment of article 865b, then appellant's contention should be sustained, otherwise not. It must be borne in mind that when the Legislature in 1913 passed the suspended sentence law it was dealing with a matter theretofore unknown to our statute, and it was necessary to specify in its enactment to what felonies then known to our law the suspended sentence should or should not apply. Under the doctrine of "express mention and implied exclusion" (36 Cyc. p. 1122, 25 Ruling Case Law, § 24, p. 778), it may be conceded, we think, that the law would also apply to felonies thereafter created by the Legislature in the absence of express restriction, but if, by a clear expression of the legislative will, a contrary purpose was made manifest it would not apply.

"The prohibition against revision or amendment by reference to title and other similar constitutional restrictions have never, in construction, been given a rigid effect, but have been held applicable only to such statutes as come within their terms, when construed according to the spirit of such restrictions, and in the light of the evils to be suppressed." 36 Cyc. p. 1061.

An examination of sections 119, 120, 156, 160, volume 25, Ruling Case Law, will reveal that it is not every reference to a former law in subsequent legislation that operates as an amendment. This was recognized by Chief Justice Gaines in Quinlan v. H. & T. C. Ry. Co., 89 Tex. 371, 34 S. W. 738. In

the recent case of Ex parte Jonischkies (Tex. Cr. App.) 244 S. W. 997, discussing article 3, § 36, of our Constitution, Presiding Judge Morrow quotes at length and with approval from Quinlan v. H. & T. C. Ry. Co., supra, and it is not thought necessary to again incorporate it here; but reference is made to both cases, and to the many authorities collated. We quote section 120, Ruling Case Law, vol. 25:

"Statutes known as 'reference statutes,' that is, statutes which refer to, and by reference adopt, wholly or partially, pre-existing statutes, are not strictly amendatory or revisory in character, and are not obnoxious to the constitutional provision which forbids a law to be revised, amended, or the provisions thereof to be extended or conferred, by reference to its title only."

This rule occurs to us to be clearly pertinent to the question under consideration. When the suspended sentence law was enacted, violations of the then existing "liquor laws" were not felonies. Acts 36th Legislature (2d C. S.) c. 78, p. 228, created new felonies embracing the act charged against appellant, to wit, the sale of intoxicating liquor. In the absence of an "express restriction to the contrary" the already existing "suspended sentence law" became operative upon the new felonies created. When chapter 78 of the Second Called Sess. of the 36th Legislature was amended by chapter 61, p. 233, of the 37th Legislature (1st C. S.) by express language in section 2d of such amendment, it negatived the purpose and intent of the Legislature to adopt in its entirety the suspended sentence law as it related to the felonies then under consideration, but only partially adopted it, in so far as it should be available only to those under 25 years of age who might be convicted of any felonies defined in such amended act. We are of opinion this could properly be done without in any way infringing upon section 36, art. 3 of the Constitution. The enactment in question does not purport to be an amendment of the suspended sentence law, and we do not think can properly be brought within the principle of an amendment thereof by implication. If appellant's contention should be upheld it would result that every new felony created by the Legislature to which in its judgment the suspended sentence should not apply, either in whole or in part, would require a formal amendment and re-enactment of that law, when none of the evils intended to be avoided by an observance of section 36, art. 3, of the Constitution would appear to make such action necessary.

[11] Another matter presented in the motion for rehearing will be referred to. The equipment for the manufacture of intoxicating liquor mentioned in the first paragraph of our original opinion was found by the officers without a search warrant. An-

ticipating that this evidence might be used by the state, appellant had prepared a motion intending to file the same, requesting action by the court directing the state that such testimony discovered by the officers without a search warrant could not be used against appellant. Upon a statement made by the county attorney that he did not expect to use, and would not use, such evidence against appellant upon the trial of the instant case the motion was not filed. The exigencies of the case made it necessary for the county attorney to use the testimony in question, and appellant filed a motion asking permission to withdraw his announcement of "not ready" and to permit him to file the motion as in limine. Appellant now contends before this court that, although we might believe the motion would not have been good if presented, he was deprived of a valuable right in being denied the privilege of filing same, and that therefore this case should be reversed for that reason.

Since the original opinion in the instant case was delivered, the whole question of search and seizure has been exhaustively considered by this court in the case of Welchek v. State (No. 7136), delivered November 22, 1922, 247 S. W. 524. That case specifically holds that the motion if made should not have been sustained by the court, and we cannot bring ourselves in accord with the contention of appellant that we should reverse this case in order to permit the filing of the motion in question. If appellant believes a federal question would have been presented by so filing the motion, then we are of opinion that under the case of Gouled v. U. S., 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647, the same point would be available to him as presented in his bill of exceptions in the absence of the motion. In the Gouled Case certain evidence was tendered by the government of which appellant had no notice prior to the announcement of "ready" in the case, and therefore no motion in limine was filed by him, but objection was urged at the time the testimony was offered. The Supreme Court of the United States held that under such circumstances it was not necessary to have filed the motion in limine. This would seem to bring appellant's contention clearly within the rule announced in that case. If it should be thought that a federal question is involved, we see no reason why the federal court would not entertain an application for a writ of error in the instant case. Believing that no federal question is raised, but that it is simply a rule of evidence which might be applied by the United States court if the prosecution was pending therein, and that the Welchek Case, supra, definitely settles the matter against appellant's contention, we can see no reason for setting aside our original opinion. The other matters presented in the motion for rehearing were fully considered in our former opinion, and we believe were correctly settled.

The motion for rehearing will be overruled.