## EL PASO ELECTRIC CO. v. COLLINS et ux.
### (No. 2158.)

Court of Civil Appeals of Texas. El Paso.
Sept. 27, 1928.

Rehearing Denied Nov. 1, 1928.

Goggin, Hunter & Brown, of El Paso, for appellant.

Paul D. Thomas and R. A. D. Morton, both of El Paso, for appellees.

PELPHREY, C. J. This is an appeal from a judgment in favor of appellees against appellant in a suit filed by them against appellant for personal injuries to appellee Margaret Eileen Collins for doctor bills and medical attention, and for damages to the Rolls Royce automobile of appellee, Margaret Eileen Collins. Said damages are alleged to have resulted from a collision on October 19, 1926, between a street car of appellant and an automobile being driven by appellee C. D. Collins, in which both Mrs. Collins and her automobile were damaged.

The trial was to a jury, and the judgment is based upon the jury's answers to special issues. Judgment was rendered for $5,834.-60, in favor of Margaret Eileen Collins as her separate property, with 6 per cent. interest. Appellees later filed a remittitur for $650, being the amount found by the jury for doctor's bills and medical services, and judgment was rendered in favor of appellee Margaret Eileen Collins for $5,184.60.

An appeal has been perfected from that judgment to this court.

### Opinion.

Appellant in its brief raises the following questions: (1) The sufficiency of the evidence to support the jury's finding that appellee C. D. Collins was not guilty of contributory negligence; (2) that he was guilty of contributory negligence as a matter of law, and that, such negligence being imputable to appellee, Margaret Eileen Collins, appellant was entitled to an instructed verdict; (3) that the court should have submitted the requested special issues of appellant in connection with a right of way ordinance of the city of El Paso, Tex.; (4) that one of the attorneys for appellees committed prejudicial error in his remarks to the jury; (5) that the verdict was a quotient verdict; (6) and that the proper measure of damages to the automobile was not applied.

In response to the special issues the jury found that the motorman failed to keep a proper lookout; that he failed to give reasonable notice or warning of the street car's approach; that the street car was being propelled at a high and dangerous rate of speed at or just before the time of the collision, and that he was negligent in so doing, and that such negligence was the proximate cause of the accident; that appellee C. D. Collins was not driving the automobile at a high and dangerous rate of speed; that he did not fail to keep a reasonable lookout; that he did not fail to have the automobile under control, on approaching the intersection where the collision occurred; that he was not operating the automobile at a greater rate of speed than 20 miles per hour; that he was not driving the automobile at such a speed as to endanger life or limb of any person or the safety of any property, and that he was not intoxicated, or in any degree under the influence of intoxicating liquor; that the collision was not an unavoidable accident; that the sum of $2,083.95 was reasonably necessary to repair the automobile; that $3,105.65 would reasonably compensate Margaret Eileen Collins for her injuries; and that there was no difference between the market value of the automobile immediately before the collision and immediately after it had been repaired.

For the purpose of clarifying the question raised as to the sufficiency of the evidence, we will first discuss the propositions raising the question of the application of the right of way ordinance to this case.

In propositions 6, 7, and 8, appellant asserts that appellee C. D. Collins violated the provisions of the ordinance, and was therefore guilty of negligence as a matter of law, and consequently appellant was entitled to an instructed verdict; that, if the evidence was not sufficient to entitle appellant to an instructed verdict, the court erred in refusing to submit to the jury the special issues in connection with the ordinance. The ordinance reads:

"At every street intersection within the city limits that is not under the control of a police officer, vehicles and street cars approaching the point of intersection on different streets at the same time shall be kept under control, so that the car or vehicle approaching such point of intersection at the right of another car or vehicle

shall have the right of way and first cross such intersecting street."

Appellees claim that the ordinance is in conflict with article 801, subdivision E, of the Penal Code, and is therefore invalid. Said article reads as follows:

"Except where controlled by such ordinances or regulations enacted by local authorities, as are permitted under the law, the operator of a vehicle approaching an intersection on the public highway shall yield the right of way to a vehicle approaching such intersection from the right of such first named vehicle."

The penalty prescribed for violation of the ordinance is by a fine not less than $1 nor more than $100, while the penalty for violation of article 801 is by a fine not exceeding $100. Do the two enactments cover the same subject?

Article 801 clearly was intended to and does regulate the meeting of vehicles at intersections of the public highway, and provides a penalty for failure to observe the regulations laid down by the Legislature. This statute does not include street cars. Magnolia Gas Products Co. v. Rydjewski (Tex. Civ. App.) 300 S. W. 100.

At first glance it would appear that the ordinance was intended only to govern a meeting between a street car and a vehicle at an intersection, and probably such was the intention of the city council in adopting same. If the ordinance had gone no further, we think there would have been no conflict; but a careful reading will reveal that by its provisions it regulates the meeting of one vehicle with another vehicle at an intersection, the very thing upon which the Legislature had spoken in article 801.

The ordinance, providing a different penalty from that prescribed in the statute, would therefore be invalid. Ex parte Brewer, 68 Tex. Cr. R. 387, 152 S. W. 1068; Ex parte Goldburg, 82 Tex. Cr. R. 475, 200 S. W. 386. The ordinance, being invalid, would have no place in the case, and its violation would not be an element of negligence, and the court did not err in refusing to submit the special issues relative thereto.

■ The first five propositions relate to the sufficiency of the evidence to support the findings of the jury on the question of negligence. The testimony on this point is quite voluminous, and we deem it unnecessary to here quote the same. From a careful examination of the record, we have reached the conclusion that the evidence is sufficient to support the findings. The evidence was conflicting, and the jury, having the witnesses before it, and being, under our law, the judges of their credibility, and of the weight to be given their testimony, might, from the facts and circumstances before it, have found that either the motorman or appellee Collins was negligent. This being the state of the record, the jury's findings must prevail. The first five assignments are accordingly overruled.

■■ Mr. Thomas, one of the attorneys for appellees in his argument to the jury made the following statements:

"The management of this corporation, gentlemen, have put their heads together with their counsel and have said: 'Because there is booze in this case we will not compensate the plaintiffs or pay them anything for their damages.' " "If you give her damages, no one is hurt; if you do not give her damages, she will have to bear the burden alone."

Appellant claims that these statements were unwarranted by the evidence, and had an improper effect upon the jury. The use of improper argument by counsel is cause for reversal only when the preponderance of evidence seems to be against the verdict, or where the verdict seems excessive, and there is reason to believe that it may have been affected by the improper argument. Sinclair v. Stanley, 69 Tex. 718, 7 S. W. 511, and, as said by our Supreme Court in International & G. N. Ry. Co. v. Irvine, 64 Tex. 529:

"Litigants are not to be punished by reversals for improprieties" in the arguments "of their counsel, unless there is reason to believe that such conduct affected the merits of the case."

We do not think the preponderance of the evidence was against the verdict in this case; neither do we think the verdict excessive, and we can see nothing in the case to suggest that the verdict was affected by the argument complained of.

■■ Proposition No. 10 is aimed at the verdict and asserts that the jurors added up the various amounts they were in favor of awarding plaintiff, dividing the total by 12. Several of the jurors testified to the adding up of the amounts and the division by 12, but there is no testimony that the jury had, previous to the division, agreed to be bound by the average reached. It has been held repeatedly in this state that, where there was no agreement beforehand to adopt the quotient as the verdict, and the quotient was to be used, and was used, merely as a working basis to arrive at the amount of the verdict, such conduct will not justify a reversal. Andrews v. York (Tex. Civ. App.) 192 S. W. 338; Weatherford, M. W. & N. W. Railway Co. v Thomas (Tex. Civ. App.) 175 S. W. 822; Ill. Cent. Railway Co. v. Morris (Tex. Civ. App.) 144 S. W. 1163; Missouri, K & T. Railway Co. v. Hawkins, 50 Tex. Civ. App. 128, 109 S. W. 224.

In matters of this kind, discretion is vested in the trial court, and, unless the evidence is sufficient to show an abuse of that discretion, his action should not be disturbed. Kalteyer v. Mitchell, 102 Tex. 390, 117 S. W. 792, 132 Am. St. Rep. 889. We think the evidence in this case justified the court's conclusion that the quotient was used only as a working basis, and that no such error is

**400**

shown as would justify this court in reversing the judgment.

Proposition No. 12 complains of the court's action in submitting to the jury the following issue:

"What sum was reasonably necessary to repair the automobile after the accident?"

Appellant made timely objection to the submission of the issue, and strenuously contends that the issue did not submit the correct measure of damages. The general rule adopted in this state for the measure of damages to personal property is the difference between the market value of the property immediately prior to the injury and its market value immediately thereafter; but, in cases where the property was susceptible of restoration, the courts have allowed the recovery of the reasonable value of the replacements and repairs made necessary by the injury. Pecos & N. T. Railway Co. v. McMeans (Tex. Civ. App.) 188 S. W. 692; Cooper v. Knight (Tex. Civ. App.) 147 S. W. 349; Chicago, R. I. & G. Railway Co. v. Zumwalt (Tex. Civ. App.) 226 S. W. 1080; Texas Power & Light Co. v. Hale (Tex. Civ. App.) 276 S. W. 746; Thompson v. Field (Tex. Civ. App.) 164 S. W. 1115; Campbell v. Johnson (Tex. Civ. App.) 284 S. W. 261; Schmoker v. French (Tex. Civ. App.) 7 S.W.(2d) 177; Milby Auto Co v. Kendrick (Tex. Civ. App.) 8 S.W.(2d) 743.

In accordance with these holdings, we are of the opinion that the court committed no error in submitting the issues to the jury; the pleading of appellees having prayed that this measure of damages be allowed.

Proposition No. 13 relates to the refusal of the court to submit requested issues in connection with the city ordinance above mentioned. Our discussion of the other propositions disposes also of this one, and further discussion is unnecessary. The proposition is overruled.

We have carefully examined the entire record, and, finding nothing therein calling for a reversal of the case, the judgment of the trial court is affirmed.

Affirmed.