## A-LOAF BAKING CO. v. PACE, Mayor, et al. (No. 3287.)

Court of Civil Appeals of Texas. Amarillo. June 19, 1929.

Rehearing Denied July 10, 1929.

Shannon, Ochsner & Pheiffer, of Amarillo, for appellant.

Ove E. Overson and G. C. Harney, both of Borger, for appellees.

JACKSON, J. This suit was instituted in the district court of Hutchinson county, Tex.,

by the plaintiff, A-Loaf Baking Company, a Texas corporation, to enjoin the defendants, the city of Borger and its officers, from enforcing or attempting to enforce an ordinance, and especially article 2 thereof, enacted by said city to regulate the manufacture and sale of bread, rolls, cakes and other bakery products within the city of Borger.

Plaintiff, on May 9, 1929, presented its petition to the judge of the district court, in chambers, and obtained against the defendants a temporary injunction which provided for a hearing on May 13, 1929. On that date the defendants all answered, and, after a hearing, the temporary injunction was, by judgment of the court, abated, dissolved, and held for naught, from which judgment this appeal is prosecuted.

The ordinance, the validity of which is attacked as a basis for the injunctive relief sought, so far as material to a disposition of this appeal, reads as follows:

"Be it Ordained by the City Commission of the City of Borger, Texas:

"Article I. It shall be unlawful for any person, firm or corporation, or employee thereof, to manufacture any bread, rolls, cakes, or other bakery products within the City of Borger, Texas, without first having the baking establishment where the same is manufactured, and the material, equipment, etc., connected therewith, inspected by the City Health Office of the City of Borger, Texas, as hereinafter provided, and any and all such baking establishments shall be open to such inspection at all hours from 7 o'clock A. M. to 10 o'clock P. M., of each and every day said establishment is operated.

"Article II. It shall be unlawful for any person, firm or corporation, or employee thereof, to sell or offer for sale or cause to be sold any bread, rolls, cakes or other bakery products within the City of Borger, Texas, without the same shall first be held unwrapped ready for inspection by the said Health Office of the City of Borger, Texas, for at least one hour and thereafter to sell, or offer for sale, or cause to be sold any such bread, rolls, cakes or other bakery products, without the same shall before being sold, or offered for sale, or caused to be sold, securely wrapped and sealed in individual waxed paper packages. * * *

"Article IV. It shall be the duty of said Health Officer of the said City of Borger, Texas, to inspect as herein provided, any bread, rolls, cakes, or other bakery products sold or offered for sale or caused to be sold in said City of Borger, Texas, and in the event he shall find any deleterious or harmful substance on or in any such bread, rolls, cakes, and other bakery products, he shall condemn the same and it shall thereafter be unlawful for any person, firm or corporation, or employee thereof, to sell, or offer for sale or cause to be sold such condemned bread, rolls, cakes and other bakery products, and each sale thereof shall constitute a separate offense in violation thereof.

"Article V. It shall be the duty of the said Health Officer of the said City of Borger, Texas, to report all violations of this ordinance to the Police Department and cause complaints to be issued thereon and any person violating the provisions of this ordinance shall upon conviction thereof be fined in a sum not less than Twenty-Five ($25.00) Dollars nor more than One Hundred ($100.00) Dollars."

Plaintiff attacks the validity of said ordinance, and especially section 2 thereof, because: First, the provisions thereof are unreasonable and unnecessary; second, they are discriminatory, prohibitory, onerous, unjust, and unfair; third, they deny to plaintiff the equal protection of the law; fourth, they are in restraint of trade, and tend to create a monopoly in favor of the bakers residing in the city of Borger; fifth, that the methods prescribed by the ordinance for the inspection of bread have no logical relation to the end to be accomplished; sixth, that it provides a different penalty for its violation than the penalty provided by the statutes of the state of Texas; seventh, that by the provisions of such ordinance, the defendants were preventing plaintiff from selling and distributing bread and other bakery products within the city of Borger, and preventing it from carrying out its lawful contracts and obligations within said city, and destroying its business therein.

The defendants answered jointly, pleading a general demurrer, special exceptions, general denial, and alleged that said ordinance was a valid exercise of the police powers of the city of Borger, duly incorporated as a municipality of the state of Texas; that the individual defendants were only discharging their duty in enforcing and attempting to enforce said ordinance, and that said ordinance was enacted solely and only for the purpose of protecting the health of the citizens of the city of Borger.

Title 12, chapter 2 (arts. 706–719), of the Penal Code 1925 of the state, defines "adulterated" and "misbranded" foods, and prescribes the punishment for any person, firm, or corporation that manufactures, sells, or offers for sale, any food in violation of the provisions of such chapter. Said chapter also provides that bakery buildings for the preparation and production of bakery products and for the storage or display thereof for human consumption shall be clean, properly lighted, drained, and ventilated, and provides in detail how this shall be accomplished. It also provides for the ingredients that shall be placed in bakery products and the different weights permissible for a loaf of bread.

Section 6 of article 1015, Rev. St. 1925, authorizes cities to regulate the weight and quality of the bread to be sold or used within the city.

The charter of the city of Borger empowers the city to inspect bakeries and to regulate and inspect the character and standard of articles of food and drink sold or offered for sale in the city, and to establish all proper and reasonable regulations for the health and sanitation of the city and its inhabitants.

The testimony discloses without contradiction:

That the plaintiff's bakery is located in the city of Amarillo, and is inspected about once a week by the city inspector of the city of Amarillo, and the plant and its products approved as satisfactory. That the bread sold and offered for sale by plaintiff in Borger was baked in its plant at Amarillo. That the baking of the bread sold and offered for sale in Borger was begun at the plant in Amarillo, in the evening and finished that night. That each loaf was wrapped and sealed with waxed paper, by machinery, the loaves placed in cartons, loaded in a truck the following morning, and transported to Borger, reaching there about 7 a. m. the same morning.

The plaintiff was forbidden by the defendants to sell and offer for sale in the city of Borger the bread and other bakery products produced in Amarillo without unwrapping its products, holding them in the city of Borger for one hour, subject to inspection by the city inspector of Borger, and then rewrapping each loaf or product in waxed paper before selling or offering the same for sale.

That plaintiff's salesman was arrested eight times in one day for violating the inspection ordinance of the city of Borger. That the plaintiff was willing for the city inspector of Borger to inspect its plant in Amarillo, and to inspect the products it offered for sale in Borger, and tendered samples of its product to the city inspector for inspection, but he only looked at the bread, said it looked like good bread, but made no further effort to inspect or test the samples presented. That the requirement of the ordinance and the demands of the defendants that the plaintiff's products should be unwrapped after they had been transported to Borger and held for one hour for the inspection of the inspector of the city of Borger, and then rewrapped in wax paper before selling or offering such products for sale, not only prevented the plaintiff from engaging in the sale of its products in the city of Borger, but that such requirement was unnecessary and unreasonable. That, to prevent the bread from becoming contaminated and unsanitary, it was necessary that it be wrapped, as it was, in Amarillo, for transportation to Borger. That unwrapping the bakery products after they were transported to Borger and holding same for one hour for inspection, and then rewrapping before offering for sale, was an unsanitary method for handling and inspecting bakery products. That the usual and customary way of inspecting bread and other bakery products was to select samples of such products at random from the load or lot to be inspected, carry the samples to a laboratory or inspecting room, test the weight, examine the general appearance of the bread, and, if considered necessary to make a thorough test, determine whether or not such product was "adulterated" by a chemical analysis of the bread or product. That the unwrapping and so testing of the sample renders it unfit for sale, and destroys its value, and that, if each loaf or bakery product was unwrapped and tested, the whole lot or load would be unfit for sale and its value destroyed. That the requirement of the ordinance and the enforcement thereof by the defendants destroyed plaintiff's business in the city of Borger, and effectually prevented it from competing in the market with the local bakeries. That ordinarily bread is wrapped at the bakery within about 40 minutes to an hour after the baking is completed.

No contention is made by the defendants that the bakery products sold and offered for sale by the plaintiff in the city of Borger were "adulterated," "misbranded," or did not conform to the regulation weights. In fact, no complaint is made of the product or the manner or method of its production.

The Legislature, by general law, gives to municipalities such as Borger the power to enact ordinances conforming to state and federal laws, for the purpose of regulating the weight and quality of bread sold within their corporate limits, in order to protect the health of its citizens. The law does not direct specifically how such regulation shall be accomplished, or prescribe what provisions for the accomplishment thereof an ordinance shall contain. The charter of the city of Borger empowers it, by ordinance, to provide for the inspection and regulation of bakeries and other products, and to establish reasonable regulations for the sanitation of its city and the health of its citizens. Under the powers thus granted, courts are authorized to determine whether or not the provisions of an ordinance for the exercise of a power granted are reasonable or unreasonable. The party attacking such an ordinance, if not unreasonable on its face, must allege and prove facts relied upon to show that the ordinance is unreasonable, but whether such facts show the ordinance to be unreasonable is a question of law for the court. City of Austin v. Austin City Cemetery Association, 87 Tex. 330, 28 S. W. 528, 47 Am. St. Rep. 114; H. & T. C. Ry. Co. v. City of Dallas, 98 Tex. 396, 84 S. W. 648, 70 L. R. A. 850; Scruggs v. Wheeler (Tex. Civ. App.) 4 S.W.(2d) 616; McQuillin, Municipal Corporations (2d Ed.) vol. 2, par. 766, p. 729.

The provisions of article 2 of the ordi-

nance, the effect of which is to require that all bread, rolls, and other bakery products that have been baked outside of the corporate limits of the city of Borger and carried into the city shall be unwrapped and held one hour for inspection, and then rewrapped in individual waxed paper packages, are unreasonable. This article requires that each loaf of bread, each roll, and other bakery product manufactured outside of the city limits be unwrapped, held one hour for inspection, and then rewrapped, and does not allow the selection of samples, the unwrapping and inspection thereof, and the approval or condemnation of the entire load or lot from the inspection of such samples. The unwrapping of each article and holding it for one hour and the rewrapping thereof would necessarily contribute to defeating one of the objects of the law, which is to keep bakery products after they are cooked clean, sanitary, and uncontaminated by foreign substances.

[5] However, if article 2 of said ordinance does not show on its face that it is unreasonable, the plaintiff pleaded, and the uncontroverted testimony discloses, facts which reveal that said article, as interpreted and enforced by the officials of the city of Borger, is unreasonable, because it practically destroys the sales value of the plaintiff's bakery products in the city of Borger, and prevents it from selling such products therein, and, in addition thereto, as interpreted and enforced, renders bakery products manufactured for sale outside of the city of Borger more unsanitary and affected to a greater degree by foreign or injurious contamination.

The charter of the city of Borger stipulates:

"No ordinance shall provide a greater or less penalty than is prescribed for like offense by the law of the State of Texas."

Article 719 of the Penal Code 1925 provides that any person violating the law regulating bakeries and the sale of their products shall, upon conviction thereof, be "fined not less than $25.00 nor more than $200.00."

The ordinance in controversy provides that any person violating it "shall, upon conviction thereof, be fined in any sum not less than $25.00 nor more than $100.00."

The city in fixing the punishment for a violation of its ordinance at not less than $25 nor more than $100 did not comply with the provisions of the charter which require it to make the punishment conform to that prescribed by the state. This would render the ordinance unenforceable. El Paso Electric Co. v. Collins et ux. (Tex. Civ. App.) 10 S.W. (2d) 397; Ex parte Jonischkies, 92 Tex. Cr. R. 461, 244 S. W. 997; Ex parte Goldburg, 82 Tex. Cr. R. 475, 200 S. W. 386.

Our conclusions on the propositions discussed render it unnecessary to pass upon the other assignments presented by the appellant.

The judgment of the trial court is reversed, and judgment here rendered perpetuating the injunction against the defendants because it is the opinion of this court that article 2 of said ordinance and article 5 thereof prescribing the punishment for its violation are invalid and void.