PETE McKENZIE v. THE STATE.

No. 7989.   Decided January 23, 1924.

Rehearing denied March 5, 1924.

1.—Murder—Statement of Deceased—Predicate—Dying Declarations.

Where, upon trial of murder, there was nothing in the record on appeal to suggest lack of sanity on the part of the deceased, or that a proper predicate was not laid for the admission of the dying declarations, there was no error, and even if deceased made answer to a question, would not affect its voluntary character.

2.—Same—Evidence—Return of Articles in Evidence.

There was no error in the refusal of the motion to require the State to return to defendant the flash light offered in evidence by the State, although it was asserted that it was appellant's property, as well as the property of deceased, and the possession of said property by the officer being of evidential value, the State could not be compelled to return same as long as it was needed.   Following Welchek v. State, 93 Texas Crim. Texas Rep., 271, and other cases.

3.—Same—Evidence—Search and Seizure.

Upon trial of murder there is no error in overruling appellant's objection to the introduction in evidence of a certain flash light and to disregard the evidence thereof because it was not seized under search warrant.   Following Davis v. State, 93 Texas Crim. Rep., 192.

4.—Same—Evidence—Articles of Evidence.

There was no error in permitting the jury in open court to examine the articles which were offered in evidence by the State, i. e., the pistol, the flash light, the pliers, etc., the same not being permitted to be taken to the jury room.

5.—Same—Manslaughter—Charge of Court.

In the absence of anything to indicate that defendant's condition of mind at the time of the homicide might reduce the same to manslaughter, there was no error in refusing the charge thereon.

6.—Same—Argument of Counsel—Requested Charge.

In the absence of a requested charge and in the light of the record, there was no error in overruling the exception to State counsel's argument.

7.—Same—Rehearing—Dying Declarations—Bill of Exceptions.

There was no error in admitting in evidence the dying declaration of the deceased;   besides, the bill of exceptions showed that the proper predicate had been laid.

8.—Same—Evidence—Flash Light.

Besides the reasons given in our original opinion that there was no error in admitting in evidence the flash light, it is positively shown that the same was never seen in appellant's possession until after the homicide, and that it was identified on the trial as the property of the deceased, besides, this was a question for the jury.

Appeal from the District Court of El Paso. Tried below before the Honorable W. D. Howe.

Appeal from a conviction of murder; penalty, twenty years imprisonment in the penitentiary.

The opinion states the case.

*Clarence Folsom* and *A. T. Folsom,* for appellant.—On question of introduction of flash light: Weeks v. U. S., 232 U. S., 383; Boyd v. U. S., 116 id., 616; Gouled v. U. S., 255 id., 298; Amos v. U. S., 255 U. S., 313; and cases cited in opinion.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of El Paso County of murder, and his punishment fixed at confinement in the penitentiary for life.

Arthur Mosely was night-watchman for several buildings in El Paso, among them the American Union Laundry building. The testimony shows that in performing the duties of his service, he carried a flash light. Just across the street from said laundry building was an apartment house the lower floor of which was occupied by G. W. Reed and his family, one of the daughters of Mr. Reed having married a brother of appellant. At the time of the alleged homicide the apellant was spending his nights at said house, sleeping with Mr. Reed on a sleeping porch. Late in the night on the date of the homicide appellant is shown to have come into the porch were Mr. Reed was in bed; being awakened by the entrance of appellant Mr. Reed saw him put something under the foot of the bed; appellant showed Mr. Reed a hole in his pocket saying that he had shot said hole. He came into the sleeping porch a half or three quarters of an hour after the shooting and had on a rain coat belonging to witness Reed and had a flash light which Mr. Reed said he had not seen him with before. Mr. Reed testified that he told appellant that a man had been shot across the street and that appellant merely remarked, "There was" and undressed and went to bed. He asked no further questions about the shooting further than to ask witness if he knew who it was and Reed said he told him that he did not find out. Mr. Reed further testified that he was present the next morning when the officers came and arrested appellant and saw them get a pistol from under appellant's pillow and also a flash light. Later witness was shown a pair of pliers and a dollar that were in the coat pocket of appellant's clothes when searched. These were similar to pliers which belonged to witness and which usually stayed in a dresser-drawer on the sleep-

ing porch. Witness said he had not put the pliers in the pocket of his rain coat. Referring to the hole in the coat pocket, Mr. Reed said appellant told him when he came in that the pistol went off in his pocket and made the hole. It was further in testimony that deceased was carried to a hospital and that while on the way he told a party that he was going to die. This party, Mr. Smith, testified that deceased said, "They have got me, I will never get well—they have got me—I feel bad—I am going to die." It was further in testimony that deceased suffered greatly at the hospital and a telegram was sent to his son, after the sending of which deceased said that he was not going to get well, and further said, referring to his son, "If he doesn't come pretty soon he wont see me." This was after 7 o'clock on the morning after the shooting. Deceased died about 2 o'clock in the afternoon. After having made the above statement and while talking to a minister, he said, "I am going, I am going, then I will soon be easy." Between 9:30 and 10:00 o'clock that morning appellant was carried into the presence of deceased. Mr. Franco, a city detective, testified that he took him to the room where deceased was and deceased was lying in bed and said, "I can't see his face very well, raise the blind at the window," and the blind was raised and deceased looked at appellant and said, "That is the man who shot me," and immediately they left the room. There was some testimony to the effect that deceased was asked if he could identify appellant when brought in the room. It was also in testimony by the wife of deceased that the flash light which was found under the pillow of appellant at the time of his arrest, belonged to her husband and was identified by her as the one carried by him on the night he was killed. Examination of the pistol found under appellant's pillow also revealed the fact that it had been recently fired.

Complaint is made of the admission of the statement of deceased that appellant was the man who shot him, it being urged that the predicate both as to a belief of impending death on the part of deceased, as to the voluntary character of his statement, and as to proof of his sanity, was insufficient. Numerous authorities might be cited holding that the fact that the statement of deceased was made in answer to a question, would not affect its voluntary character. We think the testimony of the wife of deceased and also of the party who carried him to the sanitarium ample to establish the belief on the part of deceased of impending death. There is nothing in the record to suggest lack of sanity on the part of deceased, and all of the testimony as to his conduct, conversations and actions tends to indicate sanity. We do not believe any error appears in the admission of the dying declaration, nor in the refusal to strike out the same, nor to charge the jury not to consider same.

Complaint is made of the refusal of a motion to require the State to return to appellant the flash light offered in evidence by the State,

it being asserted in the motion that it was the property of appellant. There was no error in the refusal of said motion. Not only is there no testimony to indicate that the flash light in question belonged to appellant, but on the contrary the testimony positively identifies it as the property of deceased. The possession of said property by the officers of the State and its use in testimony being of evidential value in this case, the State would in no event be compelled to return it to appellant until after it had served its purpose in testimony. Welchek v. State, 93 Texas Crim. Rep., 271; Davis v. State, 93 Texas Crim. Rep., 192; Rippey v. State, 86 Texas Crim. Rep., 539. What we have just said makes it unnecessary for us to discuss or assert the correctness of the learned trial judge in overruling appellant's objection to the introduction in evidence of said flash light; or to assert the correctness of the refusal of the instruction to disregard the evidence as to the flash light, etc., or to withdraw same from the consideration of the jury.

There is a bill of exceptions to the action of the learned trial judge in permitting the jury in open court to examine the articles which were offered in evidence by the State, i. e., the pistol, the flash light, the pliers, etc. It appears from said bill that the court informed counsel that he would not permit said articles to be taken into the jury room but that he would permit the jury to examine them in the presence of the court and counsel. No error is manifested.

There is a complaint of the refusal of a special charge on manslaughter. We know of no authority in this State requiring the giving of a charge upon a theory that has no support in the testimony. There is nothing in the record to indicate in any way a shooting in that condition of mind which might reduce the homicide to manslaughter.

There is a bill of exceptions to several quoted statements made by the State's attorney in his argument to the jury most of which appears upon its face to be permissible, and as to that part of it which might otherwise be in doubt there appear appended to the bill of exceptions qualifications of the learned trial judge in the light of which the argument appears to be not improper. In this connection we observe that no special charges were requested of the court with specific reference to any of the argument, and that a charge asked instructing the jury not to consider matters not in evidence, was given.

We have carefully considered all of the matters raised on behalf of appellant and finding no error in the record, an affirmance must be ordered.

*Affirmed.*

March 5, 1924.

LATTIMORE, JUDGE.—In appellant's motion it is urged that the predicate for the dying declaration of deceased was not sufficient. Complaint of this appears only in bill of exceptions No. 3 wherein is set forth, first, an objection to a question asked the wife of deceased,—but her answer, if any, not being stated, nothing appears for our review. The same bill presents the testimony of Mr. Franco as to the dying declaration, which is set out followed by the objections urged to Franco's testimony. Recital of objections made does not amount to any proof of the truth of the reasons stated as grounds for the objection. This has often been adverted to by us. In the bill under discussion not only is there lack of showing that the ground of objection stated in fact was true, but there also appears a qualification to said bill in which the learned trial judge avers that sufficient predicate had been laid for the admission of the dying declaration in other testimony. The bill was accepted in this condition. This renders of no avail the argument in the motion on the point attempted to be thus raised.

Appellant also again urges that the flash light offered in evidence, was not properly seized, etc., and that its admission in evidence was error. We have nothing to add to what we said in Welchek v. State, cited in the original opinion, in which the authorities were fully reviewed. We might, however, add on the facts that the flash light in question was never seen in appellant's possession until after this homicide, and that it was positively identified on the trial by the widow as the property of her husband and in his possession the night he was killed. Under such facts we know of no authority which would hold its introduction erroneous. If there existed a contention based on facts as to the identity and ownership of the flash light, same would not suffice for the rejection of the testimony but would merely make such question one for the jury to decide.

We think our disposition of appellant's complaint of the argument, in our former opinion, was correct.

Being unable to agree with either of the contentions made, the motion for rehearing will be overruled.

*Overruled.*